Andrew M. Steinheimer - 200524
Jennifer S. Gregory - 228593
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant NELSON, WATSON & ASSOCIATES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRESITA BOYLE, indivually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ARROW FINANCIAL SERVICES, LLC; NELSON, WATSON & ASSOCIATES, LLC; RONALD LAVIN, an individual,<br><br>    Defendants. | Case No.: C-08-3381 PJH<br><br>**DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:    September 24, 2008<br>TIME:    9:00 a.m.<br>JUDGE:  Hon. Phyllis J. Hamilton |

## I. NOTICE OF MOTION TO DISMISS

PLEASE TAKE NOTICE that on September 24, 2008, at 9:00 a.m., or as soon thereafter as the matter maybe heard in Courtroom 3, 17th Floor of the above-entitled Court, Defendant Nelson, Watson & Associates, LLC, will move this Court for an Order dismissing this matter pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). The motion is made on the grounds that, as a matter of law, the letter sent to plaintiff by defendant Nelson Watson, did not violate the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. or the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.

This motion is based on this Notice and Memorandum of Points and Authorities, the Complaint on file in this action and any further briefing, evidence or argument that may be presented to the Court at or prior to the hearing on this matter.

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction And Relief Requested.

Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), Defendant Nelson, Watson & Associates ("Nelson") requests this Court dismiss this matter in their favor and against Plaintiff Andresito Boyle ("Plaintiff"). Plaintiff claims that Nelson violated the Section 1692e and 1692e(10) of the federal Fair Debt Collection Practices Act ("FDCPA") and Civil Code § 1788.17 of the state Rosenthal FDCPA by using false, deceptive and misleading representations in a collection letter mailed to plaintiff. However, in order to assert such a claim, plaintiff deliberately misconstrues the plain language of Nelson's letter, *language that is specifically required by California law*, to argue that the letter contains a deception or misrepresentation. In fact the letter complies with both the federal and state laws; a determination that this Court can make as matter of law.

Nelson's letter strictly complies with the notice provision contained in California Civil Code § 1785.26(c)(2). As such, Nelson's letter simply does not constitute a violation of the FDCPA. As a matter of law, a review of the letter on it its face demonstrates that it is **neither deceptive nor unconscionable in violation of the FDCPA.** Thus, Nelson respectfully requests this Court grant Defendant's motion to dismiss, without leave to amend.

### B. Statement Of Facts.

Plaintiff obtained a credit card from Washington Mutual. She made charges on the card and failed to make payments. When Washington Mutual was unable to obtain payment from plaintiff, it assigned or sold the account to Arrow Financial Services. Arrow attempted to collect the debt from plaintiff as well. Plaintiff failed to pay Arrow and eventually Arrow enlisted Nelson Watson & Associates to collect the debt.

On or about June 4, 2008, Nelson sent Plaintiff correspondence in an attempt to collect a debt owned by creditor Arrow Financial Services, LLC, for an original account with Washington Mutual with a total balance of $2,244,48. (*Plaintiff's Complaint*, ¶¶ 29-30; Ex. G.) In the letter, Nelson advised Plaintiff of the potential for a negative credit report as a result of the debt by stating the following:

- 2 -

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**"As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."**

This language is taken directly from California Civil Code § 1785.26 sets forth the notice to be provided to a debtor prior to reporting a debt to a credit reporting agency. This section states in pertinent part:

> (b) A creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected. . . .
>
> (2) The notice is sufficient if it is in substantially the following form:
> **"As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."**

Plaintiff did not respond to the letter and did not pay Nelson or Arrow the money owed on the credit card. Instead she filed a class action complaint against Nelson and Arrow.

In her complaint, plaintiff alleges that the language in Nelson's letter (quoted above and specifically approved by Cal. Civ. Code § 1785(b)(2)) is deceptive and misleading in violation of 15 U.S.C. § 1692e and 1692e(10) because Nelson "uses false, deceptive and misleading representations in stating it is required by law to submit a negative credit report to a credit reporting agency, 'if you fail to fulfill the terms of your credit obligations" (*Plaintiff's Complaint*, ¶ 35(A)) and because "stating the negative report is required by law, is using a false representation in an attempt to collect a debt." (*Id.*, at ¶ 35(B).) Plaintiff alleges that these violations of the federal FDCPA also constitute violations of the Rosenthal Act pursuant to California Civil Code § 1788.17. (*Id.*, at ¶ 37.)

**C.    Standards For Motion To Dismiss.**

A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint and, thus, the scope of review on a motion to dismiss for failure to state a claim is **limited to the contents of the complaint**. (*Clegg v. Cult Awareness Network* (9th Cir. 1994) 18 F.3d 752, 754.) When evaluating such a motion to dismiss, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. (*Barron v. Reich* (9th Cir. 1994) 13 F.3d 1370, 1374.) The Court is not required, however, to accept

- 3 -

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot
2  reasonably be drawn from the facts alleged." (*Clegg, supra*, 18 F.3d at 754-55.) Dismissal under Rule
3  12(b)(6) is appropriate where the complaint lacks any cognizable legal theory or fails to state sufficient
4  facts to constitute a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't* (9th Cir. 1988) 901
5  F.2d 696, 699.) When it is clear that under no circumstances can plaintiff present evidence to establish
6  her claims, "it would be idle to go further and a motion to dismiss should be granted." (*Van Camp Sea*
7  *Food Co. v. Westgate Sea Products Co.* (9th Cir. 1928) 28 F.2d 957, 957-58.)

8  **D.    Legal Argument.**

9        Plaintiff's claim for violation of the FDCPA as against Defendants relies solely on the theory
10 that Nelson's use of the language "as required by law" was a deceptive action designed to coerce
11 payment from Plaintiff. (*Plaintiff's Complaint*, ¶¶ 35-37.) Of course, there is no allegation or claim in
12 the Complaint that Plaintiff was *actually* deceived, misled, damaged or injured in any way as a result
13 of the inclusion of the "as a matter of law" language, much less any other supposed violative conduct.

14       15 U.S.C. § 1692e and § 1692e(10) prohibit the use of any false, deceptive or misleading
15 representations in connection the collection of a debt. Plaintiff argues that Nelson's letter violates
16 these provisions by misrepresenting that Nelson was required by law to credit report plaintiff if she
17 failed to pay the debt. (*Plaintiff's Complaint*, ¶ 35.) This is patently not true, for even a cursory
18 review of the notice contained in the letter to Plaintiff does not make such an assertion. To be sure, the
19 notice provision comports exactly with the language laid out in California Civil Code section
20 1785.25(c)(2) in advising Plaintiff that Nelson is required by law to *advise* of the potential for a
21 negative credit report.

22       The facts as pled simply cannot constitute a cognizable violation of the FDCPA. Accordingly,
23 as discussed herein, Plaintiff is not entitled to recover for such allegations and her complaint should be
24 dismissed.

25       **1.    The Court determines whether the language of a collection letter is false, deceptive
26           or misleading as a matter of law.**

27       The Ninth U.S. Circuit Court of Appeals has repeatedly held that whether a written
28 communication is deceptive, unconscionable, or otherwise violative of the FDCPA on its face is

- 4 -

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

determined by the court in the first instance as a matter of law by comparing the language in the written demand to the prohibitions found within the FDCPA. (*Renick v. Dun & Bradstreet Receivable Mgmt. Servs.* (9th Cir. 2002) 290 F.3d 1055, 1057; *Wade v. Regional Credit Ass'n* (9th Cir. 1996) 87 F.3d 1098, 1099; accord *Terran v. Kaplan* (9th Cir. 1997) 109 F.3d 1428, 1432-33.) Indeed, the Ninth Circuit has made perfectly clear that it will find no violation of the FDCPA where the statements and representations made in a written collection communication are objectively true. (See, e.g., *Wade, supra*, 87 F.3d at 1100.)

In explaining this holding, the *Terran* court stated:

> Our conclusion that the determination of whether a collection letter violates [the FDCPA] is a question of law that we review de novo is buttressed by the rationale behind our de novo review standard for contracts and other written instruments, including collective bargaining agreements and trust agreements.
> …
> When the district court's decision is based on the analysis of the contractual language and an application of the principles of contract interpretation, that decision is a matter of law and reviewable de novo. When the inquiry focuses on extrinsic evidence of related facts, however, the trial court's conclusions will not be reversed unless they are clearly erroneous. Similarly, determination of whether language in a collection letter overshadows or contradicts the validation notice required by [the FDCPA] so as to mislead or confuse a least sophisticated debtor does not turn on the credibility of extrinsic evidence. Thus, we review Terran's claim that the collection letter violated [the FDCPA] de novo.

(*Terran, supra*, 109 F.3d at 1432-33 (citations omitted).)

The *Terran* court's rationale for evaluating, as a matter of law, the claimed violation under 1692e is applicable here. In both instances, the issue is whether the plain language of a collection notice rises to a level of deceptiveness or unconscionability that is actionable. (*Id.*) Consequently, Nelson respectfully submits the initial and primary focus for this Court in determining whether its letter violates the FDCPA is an analysis of the language of the letter itself in comparison to the language and purpose of the FDCPA, as well as the language and purpose of California Civil Code § 1785.26. (See, e.g., *Wade v. Regional Credit Assoc.* (9th Cir. 1996) 87 F.3d 1098, 1100.)

////

////

////

- 5 -

### 2. The purpose and intent of the FDCPA must be considered in determining whether Nelson's conduct violates the statute.

In determining whether conduct by a debt collector violates the FDCPA, reference necessarily must be made to the purpose and intent of the FDCPA's statutory scheme itself. (See, e.g., *Pressley v. Capital Credit & Collection Service, Inc.* (9th Cir. 1985) 760 F.2d 922, 924; *Morse v. Dunn & Bradstreet, Inc.* (D. Minn. 2000) 87 F.Supp.2d 901, 903-04; compare *Wade v. Regional Credit Association* (9th Cir. 1996) 87 F.3d 1098, 1099.) Where a collector's "dunning letter in no way exemplifies the abusive behavior or false and misleading practices that Congress had in mind when it enacted the FDCPA," then no violation exists. (*Morse, supra*, 87 F.Supp.2d at 904.) The FDCPA was enacted to stop abusive debt collection tactics, <u>not</u> reward debtors for novel interpretations of debt collection letters. (*Clomon v. Jackson* (2nd Cir. 1993) 988 F.2d 1314, 1320 (the least sophisticated consumer standard serves the dual purpose of "ensuring protection of all consumers, even naïve and trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.")

Congress enacted the FDCPA in 1977 in order to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. § 1692e; *Wade, supra*, 87 F.3d at 1099.) Among other things, the FDCPA establishes a general prohibition against the use of "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." (*See generally* 15 U.S.C. §§ 1692e, 1692f.)

It is well established that the FDCPA was designed and intended to assist in both preventing and remedying mistakes by providing a procedure to debtors by which to dispute the propriety of the debt being collected, rather than to penalize collectors for their honest mistakes. (*See* 15 U.S.C. § 1692g; *Bleich v. The Revenue Maximization Group* (E.D.N.Y. 2002) 233 F.Supp.2d 496, 500-01 (debt collectors not liable for an FDCPA violation for wrong amount demanded in its initial collection letter since the very purpose of the FDCPA is to provide a mechanism for disputing and correcting an erroneously asserted debt.).) In this regard, in *Terran v. Kaplan* (9th Cir. 1997) 109 F.3d 1428, the

Ninth Circuit recognized that Congress enacted the FDCPA primarily to, *inter alia*: "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." (*Terran, supra*, 109 F.3d at 1431.)

Generally, the FDCPA may be seen as codifying and making wrongful the type of activity by a debt collector that previously would have been deemed to constitute a violation of state law amounting to abuse of process, malicious prosecution, or some other similar tort. The intent of Congress was to create a comprehensive remedial scheme, uniform throughout the country, to prevent egregiously unfair and deceptive debt collection practices. The "legislation was designed to prevent harassment and deception in the collection of debts, such as the use of obscene or profane language, threats of violence, and telephone calls at unreasonable hours." (*Green v. Hocking* (6th Cir. 1993) 9 F.3d 18, 21, *overruled on other grounds sub. nom.*, *Heintz v. Jenkins* (1995) 514 U.S. 291; accord *Romaine v. Diversified Collection Services, Inc.* (9th Cir. 1998) 155 F.3d 1142, 1149.)

In *Romaine* the Ninth Circuit identified the type of collection abuses outlined in the FDCPA legislative history as typically including:

> obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.

(*Romaine, supra*, 155 F.3d at 1149.)

Of course, Plaintiff does not allege any such outrageous, harassing or unconscionable conduct against Nelson in this case. Instead, Plaintiff attempts to hold Nelson liable for attempting to collect a debt by using an abundance of caution in including identical language required and approved by California Civil Code 1785.26(c)(2) in its correspondence to Plaintiff. Plaintiff's argument that the circumstances found here amount to a violation of the FDCPA is simply unwarranted. The FDCPA was enacted as a "shield" not a "sword." (See *Emanuel v. American Credit Exchange* (2d Cir. 1989) 870 F.2d 805, 808.) As stated in *Ducrest v. Alco Collections, Inc.* (M.D. La. 1996) 931 F.Supp. 459, the primary inquiry should be *whether the debt collector has acted unscrupulously in its conduct.*

- 7 -

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

There is nothing remotely unscrupulous about the conduct of Nelson at issue here. Instead, the plaintiff has filed a frivolous class-action lawsuit demanding maximum statutory damages and attorney's fees, for herself and a putative class in a misguided attempt to avoid a legitimate $2,200 debt. Plaintiff cannot be rewarded for her efforts to twist the protection afforded by the FDCPA into a scheme to avoid debts and generate business for the plaintiffs' bar. As such, Nelson's motion to dismiss should be granted in its entirety.

### 3. Nelson's compliance with Cal. Civil Code § 1785.26 does not violate the FDCPA.

Notwithstanding the requirement under Rule 12(b)(6) to accept Plaintiff's factual allegations as true, this Court is not bound by Plaintiff's interpretation of the letter, and may make its own conclusions *de novo* as a matter of law regarding whether the letter meets the FDCPA's requirements. The Court must therefore objectively determine whether Nelson's letter could be interpreted by the least sophisticated consumer as deceptive.

A plain reading of Nelson's letter (Ex. G) demonstrates that it does not contain any false, deceptive or misleading statements. It can only be claimed to be false, deceptive or misleading by deliberately misconstruing the plain language of the letter.

Nelson's letter contains the statement:

> **"As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."**

This language is taken directly from California Civil Code § 1785.26. Cal. Civ. Code § 1785.26(b)(2).

Plaintiff misreads this language and claims that Nelson stated it was required by law that Nelson submit a negative credit report should plaintiff fail to pay. Nelson agrees that it is not "required by law" to submit a negative credit report. But clearly, the "required by law" applies to the provision of *notice*, not the potential submission of negative credit information. Such notice *is* required by law – California Civil Code § 1785.26(b)(2) and informing the debtor of this fact is not false, misleading or deceptive.

Here, Nelson's letter to Plaintiff does nothing more than <u>advise</u> Plaintiff that a "negative credit

- 8 -

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

report <u>may</u> be submitted to a credit reporting agency." On its very face, Nelson's letter does <u>not</u> state that Nelson is *required* to make a negative credit report. To the contrary, Nelson's letter merely states that Nelson is required by law <u>to advise</u> Plaintiff of the fact that Nelson <u>may or may not</u> make a negative credit report. Nelson included such language in order to comply with California law which mandates that Nelson provide Plaintiff with notice of the potential for a bad credit report prior to making a negative credit report.

Here, there is no suggestion that the letter attached to Plaintiff's Complaint is deceptive, or unconscionable in any way other than because of the inclusion of the language "as required by law" contained in California Civil Code section 1785.26(c)(2). Contrary to Plaintiff's unsupported assertion, Nelson's inclusion of this language as required by Civil Code 1785.26(c)(2) was not deceptive. Nelson's notice provision does <u>not</u> state that Nelson is *required to report* Plaintiff to a credit reporting agency. Rather, the notice states that Nelson is *required to <u>advise</u>* of the potential for a negative credit report.

Under these circumstances, without more, this lawsuit not only is non-cognizable under the FDCPA, it is borderline frivolous. (See *Rumpler v. Phillips & Cohen Associates, Ltd.* (E.D.N.Y. 2002) 219 F. Supp.2d 251.)

To be sure, <u>on its very face</u>, Nelson's letter to Plaintiff comports with the notice requirements of both the FDCPA and Civil Code 1785.26(c)(2). The letter is not deceptive, false, or misleading, as a matter of law, when viewed through the eyes of the "least sophisticated consumer." Plaintiff is trying to place Defendant in a no-win situation of violating either the FDCPA or California Civil Code § 1785.26 in an effort to avoid paying her debt.

Because Nelson's June 4, 2008 letter clearly is not misleading, deceptive or false and contains no misrepresentation, Plaintiff's claim against Nelson should be dismissed without leave to amend.

**4.   Plaintiff's claim under the Rosenthal Act is contingent on the FDCPA violation and, thus, also fails as a matter of law.**

In his second cause of action, plaintiff alleges that because the language of the letter violates § 1692e and 1692e(10) of the federal FDCPA it also violates the Rosenthal Act pursuant to Civil Code § 1788.17. (*Plaintiff's Complaint*, ¶ 37.) California Civil Code § 1788.17 incorporates certain

- 9 -

provisions of the federal act into the state act essentially making a violation of the federal act a violation of the state act as well. Plaintiff has not identified any independent violation of the state Rosenthal Act. Therefore, as plaintiff's claim under the federal FDCPA fails as a matter of law, the dependent state law claim also fails.

### E.    Conclusion.

For the reasons stated above, Nelson, Watson & Associates, LLC, requests this Court grant its motion to dismiss in its entirety without leave to amend. Plaintiff has failed to allege facts sufficient to allege any claim against Nelson, Watson & Associates. Moreover, no such facts exist, and Plaintiff's claims against Nelson, Watson & Associates, LLC, for violations of the FDCPA and California Rosenthal FDCPA should be dismissed without leave to amend.

Dated: August 19, 2008

                              ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                 STEINHEIMER LLP

                           By  s/ Andrew M. Steinheimer
                              Andrew M. Steinheimer
                              Attorney for Defendant
                              NELSON, WATSON & ASSOCIATES, LLC

- 10 -

DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF