1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants
   Arrow Financial Services, LLC
7  and Ronald Lavin

8

9
                UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11

12 | ANDRESITA BOYLE, individually      ) CASE NO.: CV 08 3381 PJH
13 | and on behalf of all others similarly )
   | situated,                           )
14 |                                     )
   |       Plaintiff,                    ) **ANSWER OF DEFENDANT**
15 |                                     ) **ARROW FINANCIAL**
   |       vs.                           ) **SERVICES, LLC AND RONALD**
16 |                                     ) **LAVIN TO COMPLAINT**
   | ARROW FINANCIAL SERVICES            )
17 | LLC; NELSON, WATSON &                )
   | ASSOCIATES, LLC; RONALD             )
18 | LAVIN, an individual,                )
   |                                     )
19 |       Defendants.                   )
   |                                     )
20 |_____)

Defendants ARROW FINANCIAL SERVICES, LLC ("Arrow") and RONALD LAVIN ("Lavin") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff ANDRESITA BOYLE ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (the "Rosenthal Act"), and *Swanson v. Southern Ore. Credit Servs., Inc.*, 859 F.2d 1222 (9th Cir. 1988), are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges that venue in this district is proper. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendants admit, on information and belief, that Plaintiff is an individual residing at 2500 21st Street, San Pablo, CA. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) or the Rosenthal Act, Cal. Civ. Code § 1788.2(e) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendants admit that Arrow is a business that purchases charged-off accounts for less than the value of the original debt. Defendants admit that Arrow has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692e(6) and the Rosenthal Act, Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. Admitted.

7. In answering Paragraph 7 of the Complaint, Defendants admit that Lavin is Senior Director Customer Relations of Arrow. Defendants aver that the contents of Arrow's website are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. Denied.

9. Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 9 of the Complaint and on that basis, deny them.

10. Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 10 of the Complaint and on that basis, deny them.

11. Defendants aver that no response to Paragraph 11 is required of them.

12. Admitted.

13. Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 13 of the Complaint and on that basis, deny them.

14. Denied.

15. Defendants admits that there remains an unpaid balance on the account described in Paragraph 12 of the Complaint. Except as herein admitted, Defendants lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 15 of the Complaint and on that basis, denies them.

16. Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 16 of the Complaint and on that basis, deny them.

17. In answering Paragraph 17 of the Complaint, Defendants aver that the contents of Cal. Civ. Code § 1785.26 and 15 U.S.C. §§ 1681s-2(a)(A)(i) and (ii) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

18. In answering Paragraph 18 of the Complaint, Defendants admit that Arrow sent Plaintiff three letters between December 19, 2007 and March 24, 2008. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated December 19, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. In answering Paragraph 20 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated December 19, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. In answering Paragraph 21 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated December 19, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. Denied.

23. Denied.

24. In answering Paragraph 24 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated February 18, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. Denied.

26. In answering Paragraph 26 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated February 18, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27. In answering Paragraph 27 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated February 29, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. In answering Paragraph 28 of the Complaint, Defendants admit that Arrow sent a letter to Plaintiff dated February 29, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. Denied.

30. In answering Paragraph 30 of the Complaint, Defendants admit that the contents of the letter dated June 4, 2008 that is attached to the complaint as Exhibit G are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31. In answering Paragraph 31 of the Complaint, Defendants admit that the letters Arrow sent to Plaintiff are form letters. Defendants lack sufficient knowledge to form a belief as to whether any letter sent to Plaintiff by Nelson was a form letter. Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32. Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 32 of the Complaint and on that basis, deny them.

33. Denied.

34. Denied.

35. Defendants aver that no response to Paragraph 11 is required of them.

1    36.    Defendants incorporate by reference paragraphs 1 through 35 above as if fully stated herein.

2    37.    Denied.

3    38.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 38 of the Complaint.

4    39.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 39 of the Complaint.

5    40.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 40 of the Complaint.

6    41.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 41 of the Complaint.

7    42.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 42 of the Complaint.

8    43.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 43 of the Complaint.

9    44.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 44 of the Complaint.

10   45.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 45 of the Complaint.

11   46.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 46 of the Complaint.

12   47.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 47 of the Complaint.

13   48.    Denied.

//
//
//

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

//
//

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of

all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes to Asset on her unpaid account, including any recoverable interest and attorneys' fees.

//
//
//
//

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Not a Debt Collector)

Defendant Ronald Lavin is not a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* or the Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff their costs according to proof.

3. That Defendants recover their attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: September 3, 2008         SIMMONDS & NARITA LLP
                                 TOMIO B. NARITA
                                 JEFFREY A. TOPOR


                                 By:   s/Jeffrey A. Topor
                                       Jeffrey A. Topor
                                       Attorneys for Defendants
                                       Arrow Financial Services, LLC
                                       and Ronald Lavin