1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  ATTORNEY FOR PLAINTIFF

6

7                    UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  ANDRESITA BOYLE, individually and on       Case No.:      CV 08-3381 PJH
   behalf of all others similarly situated,
10                                             PLAINTIFF'S OPPOSITION  TO
                    Plaintiff,                 DEFENDANT'S MOTION TO DISMISS
11  v.
                                               Date:   September 24, 2008
12  ARROW FINANCIAL SERVICES LLC;              Time:   9:00 a.m.
    NELSON, WATSON & ASSOCIATES, LLC;          Place:  Courtroom 3, 17th Floor
13  RONALD LAVIN, an individual,               Judge:  Hon. Phyllis J. Hamilton

14  _____Defendants._____/

15  **I.    INTRODUCTION**

16        Andresita Boyle ("Plaintiff") submits this memorandum of law in opposition to Nelson,

17  Watson and Associates' 12(b)(6) Motion To Dismiss.

18        Plaintiff has alleged in her Complaint facts that, when accepted as true, state claims upon

19  which relief can be granted under the federal and state Fair Debt Collection practices Acts (15

20  U.S.C. § 1692 *et seq.* and Cal. Civ. Code § 1788 *et seq.*

21        Plaintiff includes the following factual information and legal arguments in support of her

22  motion in opposition to Defendant's Motion To Dismiss.

23  **II.   STATEMENT OF FACTS**

24        Plaintiff was in debt to Washington Mutual Bank on a credit card used to purchase

25  consumer goods and services for her personal needs[1] (Cmplt, ¶ 13).

26        Washington Mutual sold the account to Arrow Financial, who sent Plaintiff 3 collection

27  _____

28  [1]Washington Mutual purchased the account from Providian National Bank.

PLAINTIFF'S OPPOSITION TO                      BOYLE V. ARROW FINANCIAL SERVICES
DEFENDANT'S MOTION TO DISMISS                  LLC, et al.

letters, consisting of all of the letters attached to the Complaint as Exhibits B, D, and F, all of which stated the same following notice:

> **As required by law**, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. [Emphasis added.]

The above notification is hereafter referred to as "legal requirement".

This "legal requirement" notice was repeated in the 4th letter sent to Plaintiff by Defendant Nelson, Watson & Associates, LLC (hereafter "Defendant"), as shown at Exhibit G to the Complaint.

Plaintiff will show that the law Defendant refers to is California and federal law, both of which mandate only that the "legal requirement" notice be given to the consumer once, before giving a negative credit report, with the result that subsequent negative credit reports can be made without giving an additional notice.

The California statute, at Cal. Civ. Code § 1785.26(b), states:

> (b) A creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected. **After providing this notice, a creditor may submit additional information to a credit reporting agency respecting the same transaction or extension of credit that gave rise to the original negative credit information without providing additional notice**. [Emphasis added.]

A similar provision is in federal law at 15 U.S.C. § 1681s-2(a)(7), which states:

> (7)  Negative information.
>     (A) Notice to consumer required.
>         (i)  In general, if any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) [15 U.S.C. § 1681a(p)] furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.
>         (ii) **Notice effective for subsequent submissions**. After providing such notice, the financial institution may submit additional negative information to a consumer reporting agency described in section 603(p) [15 U.S.C. § 1681a(p)] with respect to the same transaction, extension of credit, account, or customer **without providing additional notice to the customer**. [Emphasis added.]

1       Discovery will show that the legal requirement notice was given once by the Plaintiff's

2  creditor, and that the subsequent notices were used to coerce payment of the alleged debt.

3  **III.**  **STATEMENT OF ISSUES**

4       1.    Did Defendant, in its attempt at collecting a debt allegedly owed its principal,

5  Defendant Arrow Financial, violate 15 U.S.C. §§ 1692e, 16192e(10), and 1692f, by falsely

6  stating that the law requires it to make the following statement?

7             As required by law, you are hereby notified that a negative credit
   report reflecting on your credit record may be submitted to a credit
8             reporting agency if you fail to fulfill the terms of your credit
   obligations.

9

10       2.    Did Defendant, and/or its principal, Arrow, use the legal requirement notice in its

11  four collection letters as a means to coerce payment of the alleged debt?

12       3.    Did the Defendant, or its principal, Arrow, make a negative credit report after

13  giving its legal requirement notice?

**IV.**  **ARGUMENT**

14

15     **A**.    **THE COURT CONSIDERS A MOTION UNDER 12(b)(6)**
             **UNDER WELL-ESTABLISHED RULES.**

16      When deciding a motion to dismiss, a district court must accept the facts alleged in the

17  complaint as true. *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L. Ed.2d 90

18  (1974).  When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

19  " ... all allegations of material fact are taken as true and are construed in the light most favorable

20  to Plaintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

21  Generally, the complaint should not be dismissed unless it appears that Plaintiff can prove no set

22  of facts that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99,

23  101-102, 2 L. Ed. 2d 80 (1957).

24       Plaintiff has set forth facts in the complaint which must be accepted as true for the

25  purpose of deciding Defendants' Motion to Dismiss.

26

27

28
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS           BOYLE V. ARROW FINANCIAL SERVICES
LLC, et al.

3

**B.     THE STRUCTURE OF THE FDCPA.**

The purpose of the FDCPA is to " protect consumers from a host of unfair harassing and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 382, 95th Cong. 1st Sess. 1-2 reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1696. The FDCPA does this primarily by regulating the manner and timing of debt collector's contacts with alleged debtors and others. Also, the Act prohibits debt collectors from using false, deceptive and misleading representations in debt collections, including the false representation that a communication is from an attorney, 15 U.S.C. § 1692e(3). *Clomon v. Jackson*, 998 F. 2d 1314, 1320 (2d Cir. 1993). The Act contains a civil enforcement mechanism which provides that any debt collector who fails to comply with any provision of the Act with respect to any such person is liable to such person. 15 U.S.C. § 1692k. Strict adherence to the Act's explicit terms are required. *Baker v. GC Services, Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

**C.     THE COLLECTOR'S LETTER IS ANALYZED FROM THE PERSPECTIVE OF THE LEAST SOPHISTICATED CONSUMER.**

The Supreme Court as far back as 1937, stated:

> The fact that a false statement may be obviously false to those who are trained and experienced does not change its character nor take away its power to deceive others less experienced.

*Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116; 58 S.Ct. 113, 115; 82 L. Ed. 141 (1937).

The Ninth Circuit Court rule is that a collection letter is analyzed from the prospective of the " least sophisticated consumer."

> [W]e evaluate the threatened conduct . . . under the least sophisticated consumer standard. Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225; Also, see *Terran v. Kaplan*, 109 F.3d 1428, 1431-32, (9th Cir. 1997); *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055 (9th Cir. 2002).

**D.      ONLY ONE NOTICE TO A CONSUMER IS REQUIRED.**

The law requires only one notice to a consumer of a negative credit reporting to the credit bureau.  Defendant's repeated representation of the legal requirement is false, deceptive, and misleading.

Plaintiff has set forth, in her statement of the facts, the statutory requirement of a creditor notifying a consumer that a credit default will result in a negative report to the credit bureau. Notice of subsequent negative credit reports are not required to be given to the consumer. Defendant's statement in the collection notices that the notice is required in each successive letter is false.

Defendant's use of the legal requirement notice is a tool used to induce payment of an alleged debt.  Reporting a debt to a credit bureau is "a powerful tool designed in part to wrench compliance with payment terms. *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D. P. R. 1993); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr S.D. Ohio 1991); *Forsberg v. Fidelity National Credit Services Ltd.*, 2004 U. S. Dist. LEXIS 7622#16 (S.D. Cal. 2004).

The false representations as to the legal requirement made by Defendants violate the debt collection statutes.  Defendant had no legal obligation to issue the "legal requirement" notice. The notice was false and misleading, and stated to coerce payment of the alleged debt.

On this basis, Defendant's Motion To Dismiss is without merit and must be denied.

**E.      USE OF A "LEGAL REQUIREMENT" NOTICE IS COERCIVE WHERE NO LEGAL REQUIREMENT EXISTS.**

The first collection letter sent to Plaintiff with the "legal requirement" notice satisfied the notice statute.  The subsequent letters used the "legal requirement" notice to coerce payment.

The first letter from Defendant's principal, Arrow Financial, states it purchased Plaintiff's debt from Washington Mutual (Cmplt., Exhibit A).  That collection letter set forth the "legal requirement" notice (Cmplt,. Exhibit B).  Arrow followed the legal requirement stated in its notice, and the subsequent 3 notices were not required .  Defendant was bluffing in repeating the "legal requirement" notice on the 3 subsequent letters, and was using the notice only to coerce payment of the alleged debt.  Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692e(10), and

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

BOYLE V. ARROW FINANCIAL SERVICES
LLC, et al.

5

1   1692f.

2   **F.    TO IMPLY MULTIPLE TIMES THAT A DEBT WOULD BE REPORTED**
3   **TO THE CREDIT BUREAU IS FALSE, DECEPTIVE, AND**
    **MISLEADING.**

4       The false implication that the collector might take steps to report the debt to the credit

5   bureau violates the FDCPA at 15 U.S.C. § 1692e. *Creighton v. Emporia Credit Service*, 981

6   F.Supp. 411, 416 (E.D.VA. 1997).  Defendant argues that a statute allowed the negative credit

7   reporting (Mot. 4:18-21; 5:2-25).  This is not a defense where the statute is used to deceive the

8   consumer, particularly where Defendant did nothing to act on its alleged right to make the

9   negative credit notice. *Drennan v. Van Ru Credit Corp.*, 950 F.Supp. 858, 861 (N.D. Il. 1996).

10      Applying the 9th Circuit "least sophisticated consumer" standard, a consumer would

11  believe such an assertion of the legal requirement to make a negative credit report and that

12  Defendant would do so.  Discovery will show Defendant failed to do so, and even had it done so,

13  the subsequent notices were not required.

14  **G.    DEFENDANT'S MOTION SEEKS TO SIDESTEP THE CHALLENGED**
    **CONDUCT BY A NARROW APPEAL TO CONGRESSIONAL INTENT**
15

16      At page 6 of Defendant's motion, Defendant offers a discourse on the purpose and intent

17  of the FDCPA, stating that reference necessarily must be made to the purpose and intent of the

    FDCPA statutory scheme itself (Mot. 6:2-4).  Defendant then continues by offering its view that
18
    Congress sought to stop abusive debt collection tactics (Mot. 6:8-9).  Defendant then continues at
19
    page 7 with its limited review of what Congress intended in enacting the FDCPA.
20

21      In making these statements, Defendant relies on the limited idea that deception in debt

22  collection involves only the use of obscene or profane language, threats of violence, and

23  telephone calls at unreasonable hours (Mot. 7:8-10).  This limited view of the statute is

    unsustainable.
24
        Pursuant to the above, Defendant's Motion To Dismiss should be denied.
25

26

27

28

1  **V.    CONCLUSION**

2  Plaintiff asks this honorable court to deny Defendant's motion and allow Plaintiff to

3  proceed with this lawsuit.

4

5  Dated:   __9/3/08__          _____/s/_____

6                               Irving L. Berg
                                THE BERG LAW GROUP

7                               ATTORNEY FOR PLAINTIFF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28